UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREAS ALBRECHT,

    Plaintiff,

v.                            Case No: 8:21-cv-1857-CEH-CPT

ANTONY J BLINKEN,

    Defendant.
_____

## ORDER

This matter is before the Court upon periodic review. On January 4, 2022, the Court entered an order to show cause directing Plaintiff, who is proceeding *pro se*, to file a response to the Order explaining why the Complaint had not been timely served on Defendant as required by Federal Rule of Civil Procedure 4(m). Doc. 4. The Plaintiff was to file a response to the Court's Order to Show Cause by January 18, 2022. To date, Plaintiff has not filed a response to the Court's Order, nor has he requested an extension of time to do so. Because Plaintiff has failed to demonstrate that he has timely served Defendant and failed to respond to the Court's Order to Show Cause, despite being given the opportunity to do so, this action is due to be dismissed, without prejudice.

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Additionally, under the Middle District of Florida's Local Rules, a party's failure to comply with a deadline regarding filing proofs of service can result in dismissal of the action without notice and without prejudice. *See* M.D. Fla. Local Rule 1.10(d).

Here, Plaintiff filed this action on August 3, 2021. Doc. 4. He paid the filing fee. Doc. 2. More than five months have passed and there is no indication on the docket that Plaintiff has made any effort to serve the Complaint on Defendant. In that regard, a review of the docket reveals no summons has been issued and no return of service filed.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court's Order to Show Cause provided Plaintiff with notice. Plaintiff has failed to respond to the Court's Order, failed to file proof of service on Defendant, and failed to seek an extension of time to do so. Accordingly, upon consideration, it is hereby

**ORDERED**:

1. This action is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Andreas Albrecht, *pro se*
Counsel of Record